## Edgar M. Farmer v. H. H. Emminga.

1. CONTRACTS—*Sales of Grain—Grades.*—Where a controversy was which of two inspections of grain should govern the price, the question having been submitted to a jury, it was held a question of fact for their determination.

**Memorandum.**—Assumpsit. Error to the Circuit Court of McDonough County; the Hon. CHARLES J. SCOFIELD, Judge, presiding. Heard in this court at the November term, 1893, and affirmed. Opinion filed February 12, 1894.

The opinion states the case.

PONTIOUS & MICKEY, attorneys for plaintiff in error.

BAILEY & HOLLY, attorneys for defendant in error.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was assumpsit to recover damages alleged by plaintiff to have been sustained by him by reason of the action of the defendant in the sale of eight cars of wheat.

The finding of the jury was for plaintiff, fixing the damages at $410.46, and the court having denied a motion for new trial interposed by the defendant, rendered judgment accordingly.

The plaintiff was located at Golden, and the defendant at Macomb, both engaged in the grain trade. According to plaintiff's testimony, the defendant wrote him September 4,

Farmer v. Emminga.

1891, offering to sell good No. 2 and No. 3 wheat, and asking a bid for the same, to which, on the 7th, plaintiff replied by telegraph, offering ninety-one cents for No. 2, and eighty-eight cents for No. 3, and on the same day defendant wired his acceptance and shipped two cars for the account of plaintiff, to Toledo, Ohio.  Subsequently, beginning the 8th or 9th of September, and continuing from day to day, plaintiff sent the defendant postal cards in this form.

Golden, Ill., .............189..

We will pay you the following prices on track at your place, for not more than five cars, except at our option, acceptance to reach us by noon to-day, for prompt shipment.

........................................................................
........................................................................

Destination, weights and inspection.  Grain grading different from grade purchased will be taken at the market difference on the day of arrival.  Await billing instructions.

Yours truly,

H. H. Emminga.

The blank was filled with grades and prices.

The defendant would telegraph his acceptance and ship the grain to Toledo for the plaintiff's account and draw for the amount necessary to cover each transaction.  The plaintiff paid these drafts.

Eight cars of wheat were purchased in all, six of them by means of the postal cards and telegrams as stated.  Of these eight cars, five did not grade according to contract, one of the five being of the shipment of September 7th, and the other four being of the later shipments.  The grain was all sold in Toledo according to its grade and market value, resulting in substantial loss to the plaintiff, to recover which this suit was brought.

The defendant insisted that the grain was sold according to his grades and that he was not bound by the inspection at Toledo.

This was the chief issue between the parties and it is insisted that the great preponderance of proof is with the defendant on this point.

It is not necessary to go into details, but after carefully

reading the evidence, we are satisfied with the conclusion reached by the jury.

It would hardly be expected that the plaintiff would take the defendant's grading, not having seen the grain. It is more reasonable that the defendant, who was selling at prices depending wholly upon the grade, should be responsible for any failure therein, and this the jury by their verdict found was the fact.

It is urged the court erred in its instructions.

The chief objection in this respect is based upon the modification of the fourth instruction asked by defendant and it is said that thereby the court recognized a theory not based upon the evidence. The first two cars were not purchased through the medium of the postal cards and telegrams but, as plaintiff insisted, by means of a letter and two subsequent telegrams, while the defendant insisted that the plaintiff saw the wheat and was satisfied with that and agreed to accept defendant's grades on all subsequent purchases. The instruction as modified seems to recognize the theory that the defendant's position was, perhaps, correct as to the first shipment, but that subsequent shipments were governed by the terms of the postal cards as to destination, weights and inspection. The same thought appears in the plaintiff's fifth instruction, to which the same objection is made. We can not say that this hypothesis is so far beyond the range of the proof as to be substantially erroneous.

From the amount allowed by the jury, we think probably the loss sustained by the failure of the first shipment to grade as sold, was disregarded.

The objection assumes that if there was an oral agreement between the parties, it applied, not merely to the first shipment, but to the whole transaction. This is not necessarily so.

The objection to the plaintiff's fourth instruction, because it ignores the defendant's theory of the case, is untenable. It was given upon the hypothesis of the plaintiff's testimony.

There was no error in refusing the defendant's seventh instruction.

All of it that was proper and necessary to be given is found in the fourth as modified.

Considering all the instructions as series, we think no injustice was done the defendant in this regard, and as already observed, we see no occasion to find fault with the verdict as to the facts.

The judgment will be affirmed.